JOSEPH TUCKER *v.* BENJAMIN WELLS.

Where a debtor leaves the state, after the statute of limitations begins to run upon a creditor's claim, and continues to reside out of the state, but has known property in the state, which could, by the common and ordinary process of law, be attached, and the creditor has no knowledge of such property, yet, if by reasonable diligence he might have had such knowledge, the statute continues to run, notwithstanding the debtor's absence from the state.

ASSUMPSIT, in four counts.

The first count was upon a contract, made by and between the parties, on the twenty-seventh day of May, 1830. The second count was upon another contract, made on the fifteenth day of December, 1829.

The third and fourth counts were for work and labor and for money paid, laid out and expended.

The defendant pleaded, 1, *non-assumpsit*, and 2, the statute of limitations.

The replication to said second plea, was, in substance, that, at the time when the causes of action, mentioned in the declaration, accrued to the plaintiff, the defendant went out of this state, and from that time to the time of the commencement of this suit, resided in Boston, in the state of Massachusetts, and during all that time was absent from this state, and had no property in this state, known to the plaintiff, *which, by any process of law, could have been legally attached at any time during the said absence of the defendant from this state,* and that six years had not elapsed since the said causes of action, mentioned in the declaration, or any or either of them, accrued to the plaintiff, exclusive of the time when the defendant was absent from and resided out of the state as aforesaid.

To this replication the defendant demurred, generally, and the plaintiff joined in demurrer.

The court below decided that said replication was insufficient, and rendered a judgment for the defendant, from which decision and judgment the plaintiff appealed to this court.

The writ, in this case, was prayed out on the nineteenth day of July, 1836.

The statute, upon which the plaintiff relied, in support of his replication, is the first section of the act of Nov. 9, 1832, relating to the limitation of actions, and is as follows ;—

"If any person or persons, against whom there is, or may be, "any cause of action of a personal or transitory nature, shall "go from this state before such cause of action shall be barr- "ed, by the statute of limitations, and shall not have known "property within this state, which could, by the common and "ordinary process of law, be attached, the statute of limita- "tions shall not run against any such cause of action, during "the absence of such person or persons from this state, but "the time of such absence shall be deducted, in deciding "whether any such cause of action, is debarred by the sta- "tute of limitations."

*E. D. Woodbridge and P. C. Tucker*, for plaintiff.

The plaintiff's replication sets up that the defendant had no property in this state, *known to the plaintiff*, and we contend that the mere ownership of property, by the defendant, in this state, which never came to the plaintiff's knowledge, so as to enable him to secure his debt, by attaching it, does not entitle the defendant to avail himself of the statute of limitations. The words, "known property," used in the statute, were intended to be understood by the legislature, property known to the plaintiff.

The tenth section of the act of Nov. 6, 1797, (Comp. Stat. 291,) contains language almost identical with that of the act of Nov. 9, 1832, and the general object of both statutes, evidently, is to protect creditors while they are disenabled from collecting their debts. Under the act of 1797, it has been held that a temporary return of a debtor into this state, was not sufficient to entitle him to the benefit of the statute of limitations. *Mazozon et al.* v. *Foot*, 1 Aik. R. 282. It was held, in that case, that the plaintiff must have actual knowledge of such return, to enable the debtor to avail himself of the statute of limitations, unless he came to reside permanently in the state. If he came to reside permanently, the knowledge of the plaintiff would seem to be implied.

We contend that, by a legal construction of the act of Nov. 9, 1832, no knowledge of the plaintiff, as to the defendant's property, is to be presumed, by *implication*. Such knowledge must be proved before the defendant can take the benefit of the statute of limitations.

ADDISON,
*January,*
1840.

Tucker
v.
Wells.

ADDISON,
January,
1840.

Tucker
v.
Wells.

The Vermont statutes, referred to, contain the words, "*known property.*" The Massachusetts statute differs from them in in this, it does not contain the word *known*, but simply the words, "*property or estate.*" 1 Big. Dig. 489–490. Therefore, the decisions in that state, under their statute, are not precedents for a correct legal construction of the statutes of Vermont.

*C. Linsley* and *H. Bell*, for defendant.

If the language of the first section of the act of Nov.9,1832. is to be taken in its ordinary sense,the having property,publicly known to belong to defendant, which, by ordinary process of law might be attached, comes within the exception. The statute is obviously not framed with a view that it should be made to appear that the creditor knew his debtor had property.

If the debtor resides in the state, it is not necessary to show knowledge of that to the creditor. If he resides out of the state and comes into the state to reside, although remote from the creditor, and unknown to him, the statute commences running from the time of his coming into the state. Hence, it is clear that actual knowledge, on the part of the creditor, is not required to be shown to entitle the debtor to the benefit of this statute.

The case of *Mazozon et al.* v. *Foot*, 1 Aik. R. 282, it is conceived, is an authority entitled to consideration, though applying to another exception in the statute. It was necessary, in that case, to decide what was coming into the state, within the meaning of the statute, and the legitimate effect of that case seems to be this, a coming into the state must be a coming to reside, or what is equivalent, coming temporarily, and that known to the creditor. The passing through, or coming temporarily, is not the coming meant in the statute, but if it is known to the creditor, it shall be adjudged the same. To apply the reasoning the court adopted in that case to this, it would seem to be enough to have the statute operate, that a man had a title to land, or other known property in any part of the state, subject to attachment, for the expression "which could by the common and ordinary process of law, be attached," evidently refers to property that may, by law, be attached.

In *Byrne* v. *Crowninshield*, 1 Pick. 262, it was held, that

land, under a prior attachment, to its full value, is property that may, by the common and ordinary process of law, be attached, within the meaning of the statute of limitations.

But the construction contended for by plaintiff, ought to be made out in the clearest manner, from the words of the statute, or the court should reject it ; for it is against common sense to suppose that the legislature should make such a provision to quiet stale claims, and yet have the beneficial effect to be derived, depend upon the defendant's being able to show that the plaintiff had actual knowledge that the defendant had property in the state, which could, by the ordinary process of law, be attached. It is obvious, that, in most cases, this proof could not be made. The creditor, by this statute, is required to be diligent. He is allowed six years, and, in that time, he must prosecute his claim if he can. If, however, his debtor is out of our jurisdiction during all that time, and has no known property, a still further time is given. But the further time is given on the supposition that the creditor has done all in his power to prosecute his claim, and this law holds and intended to hold the creditor to an active and diligent prosecution of his rights, and experience proves that if a debtor, residing out of the state, has lands or goods in this state, holden openly, in his own right, there is no difficulty in the creditors finding them.

The opinion of the court was delivered by

BENNETT, J.—The question, in this case, arises upon the sufficiency of the plaintiff's replication to the defendant's plea in bar. The statute of limitation does not run on a demand where the debtor has " known property within this state, which can, by the common and ordinary process of law, be attached," though such debtor shall reside without this state. The plaintiff has replied, that the defendant had no property, *known to him*, which could, by the common and ordinary process of law, be attached. Had issue been taken on this replication, it would have been incumbent on the defendant to have proved that the plaintiff, in fact, had a knowledge of the existence of the property. It would not have been sufficient to have shown that the defendant had property, which, by the use of ordinary diligence, might have

Tucker
*v*
Wells.

been known to the plaintiff. We think the statute can have but one construction.

If the existence of the defendant's property is so notorious, that, upon the use of reasonable diligence, it may be known to the plaintiff, so as to be attached by the common and ordinary process of law, the demand is not saved from the effects of the statute of limitation, though the debtor reside without the state. The plaintiff, in his replication, has attempted to narrow down the operation of the statute, which neither its language nor spirit will warrant. The demurrer is, therefore, well taken, and the judgment of the county court is affirmed.

After judgment was pronounced, in this case, the court, on motion, *pro forma*, reversed the judgment of the county court, to enable the plaintiff to procure an amendment of his replication.