# W. L. FARNHAM v. T. P. THOMAS.

## Statute of Limitations.

1. The defendant without leave took the plaintiff's iron; in the following year he promised to pay for it. *Held*, that the Statute of Limitations commenced to run at the time of the promise.
2. Before the statute had run on the promise, the defendent left the State, leaving attachable property here; but the plaintiff had no actual knowledge of it; and there was no lack of reasonable diligence in not finding it. *Held*, that the claim was not barred.

ASSUMPSIT for a quantity of bar track iron. Pleas, general issue and statute of Limitations. Replication that defendant had been out of the State. Trial by court, September Term, 1883, VEAZEY, J., presiding. Judgment for the plaintiff.

It appeared that the defendant took the iron in 1868; that he left the State in 1875, more than six years after taking the iron, but less than six years after the promise to pay for it; that he had no fraudulent purpose in taking it, but took it as one neighbor feels at liberty to take a tool from another in his absence without express permission—a sort of borrowing without leave; and instead of returning it he promised to pay for it.

The plaintiff did not know that the defendant owned the derrick which was on a third party's land, or that he had this debt due him, and did not suppose that he had left any property in the State; and it did not appear that the fact was generally known, or that the plaintiff had any reason to suppose that the defendant had any property here that the plaintiff could attach. There was nothing within his knowledge to put him on inquiry, and he made no inquiry whatever in this respect. By going to the town clerk's office and searching the records after Nov. 14, 1877, he would have found this mortgage on record; but he did not do this, because it did not occur to him to do it. As soon

as he learned of this debt due the defendant he brought this trustee process.

The other facts are stated in the opinion of the court.

*W. H. Rowland* and *Prout & Walker*, for the defendant.

The expression " known property within the State " has received a construction in several cases; and means that the defendant's ownership of the property must be notorious to such an extent that the fact would not escape a reasonable search and inquiry. There must be some search or inquiry to avoid the statute.

*Tucker* v. *Wells*, 12 Vt. 240; *Stoughton* v. *Dimick*, 29 Vt. 535; *Moore* v. *Quint*, 44 Vt. 112; *Wheeler* v. *Brewer*, 20 Vt. 113. But the plaintiff made no search or inquiry at all; so that as matter of fact and law the decision and finding of the court below was erroneous.

*Beaman & Platt* and *Lawrence & Meldon*, for the plaintiff, cited to prove that the statute had not run on the promise. *Rixford* v. *Miller*, 49 Vt. 319; *Wheeler* v. *Brewer*, 20 Vt. 113.

The opinion of the court was delivered by

TAFT, J. The defendant, without leave, took the plaintiff's iron in 1868; in the following year he promised to pay for it. The statute began to run on the promise at the time it was made; by no ingenious reasoning can it be held to have commenced running earlier; the claim, therefore, was not barred at the time the defendant left the State.

The defendant, to avoid the effect of his absence from the State, insists that he had known property within it, which might have been attached by the common and ordinary process of law. The exceptions show that he left a derrick on another man's land in Poultney, and that two years and six months after he left the State, he placed on the records a mortgage of one thousand dollars on land in the same town. It was not necessary that the plaintiff should have had actual knowledge of the property and

the defendant's title to it, *Tucker·*v. *Wells,* 12 Vt. 240 ; but the defendant's ownership of it must have been notorious to such an extent that the plaintiff would have found it by reasonable search and inquiry, *Wheeler et al.* v. *Brewer,* 20 Vt. 113. The case shows that the plaintiff had no actual knowledge of it, and that there was no lack of reasonable diligence on his part in not finding it. We think these facts, expressly found by the court, are decisive of the claim in this respect. Upon the facts reported the effect of the defendant's absence from the State was not avoided, and the claim is not barred.

Judgment affirmed.